IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA ANITA BLACKMAN,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | CIVIL ACTION NO. 24-3789 |

## ORDER

**AND NOW,** this 26th day of June 2025, upon careful and independent consideration of Plaintiff's Request for Review [Doc. No. 12], the response and reply thereto, the administrative record, and the Report and Recommendation ("R&R") of United States Magistrate Judge Scott W. Reid, to which no objections were filed, and for the reasons set forth below, it is hereby **ORDERED** that:

1. The R&R [Doc. No. 16] is **APPROVED** and **ADOPTED**;[1]

---

[1] Because no objections to the R&R were filed, the Court is not required to conduct a *de novo* review and has the discretion to "accept, reject, or modify in whole or in part, the findings and recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c). Nevertheless, the Court has carefully considered the administrative record and the R&R and agrees with the R&R that this matter should be remanded to allow the Administrative Law Judge ("ALJ") to decide the claim with the benefit of a fully developed record, specifically as it relates to Ms. Blackman's mental health treatment.

This is Ms. Blackman's second request for review. In a decision on July 15, 2022, Magistrate Judge Richard Lloret remanded the case to the agency to review the evidence pertaining to Ms. Blackman's mental health treatment. On remand, Ms. Blackman testified regarding her mental health treatment, but did not provide any records related to such treatment. At numerous points, the ALJ stated that there is "no evidence of any formal mental health treatment after August 2019." R. at 904, 912, 913, 914, 915 [Doc. No. 9-8]. These conclusions conflict with the fact that Ms. Blackman indeed testified regarding treatment she received for her mental health after August 2019, even if she provided no documentation of such treatment.

2. Plaintiff's Request for Review is **GRANTED in part** and the matter is **REMANDED** to obtain any available mental health records post-dating 2019, and for specific discussion of the issues raised by Judge Lloret in his July 15, 2022, decision.

It is so **ORDERED.**

                              **BY THE COURT:**

                              /s/ Cynthia M. Rufe
                              _____
                              **CYNTHIA M. RUFE, J.**

---

Accordingly, in favor of fairness to the petitioner, the Court agrees with the R&R that the matter should be remanded for petitioner's counsel to obtain and submit any mental health records from 2019 to the present, with the ALJ providing any assistance necessary to achieve this.